UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CINDY M. BARBEN,

                           Plaintiff,

                                                                    Case # 13-CV-6431-FPG

v.

                                                                    DECISION AND ORDER

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

Cindy M. Barben ("Barben") brings this *pro se* action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") which denied her application for Social Security Disability Insurance Benefits ("DIB"). ECF No. 1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Currently before the Court is the Commissioner's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 14. Despite having ample time to do so, Barben has not responded to the Commissioner's Motion[1]. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence

---

[1] On May 30, 2014, Barben filed a document entitled "Plaintiff's Reply to Defendant's Motion for Judgment on the Pleadings." ECF No. 12. That document, which was inexplicably filed a month *before* the Defendant's brief was filed, consisted of only two sentences that stated "By this Paper, the Plaintiff moves that the Judge deny Defendant's Motion for Judgment on the Pleadings. Denial of Defendant's motion is necessary to enable the Plaintiff to collect additional evidence pertinent to the matter before the Court." *Id.* Despite the passage of over a year since that submission, the Court had not received any subsequent filings or communications of any type from Barben. I would also note that for this Court to order the consideration of materials not part of the administrative record, a plaintiff must demonstrate that the proposed evidence is material, and must also show good cause for the failure to previously incorporate the materials. *See* 42 U.S.C. § 405(g). Barben has not identified any materials she would seek to now introduce, nor has she attempted to satisfy this stringent standard.

and applies the correct legal standards, and accordingly, the Commissioner's final decision is affirmed.

## BACKGROUND

Barben first applied for DIB on May 22, 2002, alleging that she had been disabled within the meaning of the Act since December 1, 1999. Tr.[2] 55-57. After her application was initially denied at the administrative level, a hearing was held before Administrative Law Judge Steven Slahta ("ALJ Slahta"), and on October 29, 2004, ALJ Slahta found that Barben was not disabled, and denied her application. Tr. 32-39. Barben took no further action on that application, and as such, it became administratively final. *See* Tr. 456.

Barben filed a new DIB application on November 16, 2007, which was also denied. *See* Tr. 288, 446. Barben requested a hearing regarding the denial, and on August 5, 2009, Barben and her attorney appeared before Administrative Law Judge Newton Greenberg ("ALJ Greenberg"). Tr. 626-43. On August 20, 2009, ALJ Greenberg issued his decision, which found that Barben was not disabled from her alleged onset date through December 31, 2005, the date Barben's insured status expired. Tr. 446-52. The Appeals Council of the Social Security Administration ("the Appeals Council") remanded the matter, and a new hearing was conducted before Administrative Law Judge Brian Kane ("ALJ Kane") on August 9, 2011. Tr. 456-58, 644-89.

By decision dated September 15, 2011, ALJ Kane found that Barben was not disabled during the time period at issue, namely October 30, 2004[3] through December 31, 2005, the date

---

[2]   References to "Tr." are to the administrative record in this matter.
[3]   As stated in ALJ Kane's decision, since the prior determination of ALJ Slahta determined that Barben was not disabled through October 29, 2004, and because that decision was not challenged and

2

her insured status expired. Tr. 16-26. That decision became the final decision of the Commissioner when the Appeals Council denied Barben's request for review on June 14, 2013. Tr. 8-10. Barben timely commenced this action[4], seeking review of the Commissioner's final decision. ECF No. 1.

## DISCUSSION

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). Indeed, the Act holds that a decision by the Commissioner is "conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Secretary of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of*

---

became administratively final, the time period for consideration by ALJ Kane was restricted to the period commencing on October 30, 2004. *See* Tr. 17.

[4] Shortly after Barben filed her Complaint, she filed approximately 20 pages of documents with this Court from her prior administrative proceedings. ECF No. 4. Also included is a one page, handwritten sheet that states "Trial By Jury Demanded." *Id.* Jury trials are not available in actions brought to challenge disability determinations by the Social Security Administration.

*New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that they impose significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If they don't, the analysis concludes with a finding of "not disabled." If they do, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then determines whether the claimant's RFC permits him or her to perform the requirements of their past relevant work. If they can, the claimant is not disabled, and if they cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

ALJ Kane's written decision of September 15, 2011 analyzed Barben's claim for benefits under this process, and upon review of that decision and the supporting administrative record, I find that ALJ Kane's decision is based upon the correct legal standards and that his determination that Barben is not disabled and therefore not entitled to benefits is supported by substantial evidence.

In reaching his decision, ALJ Kane proceeded through the required five step analysis, determined that Barben had the RFC to perform light work with some limitations, and determined that sufficient jobs existed in the economy that would correspond to this RFC. In doing so, the ALJ noted that Barben was approximately 48 years old during the relevant time period, and that she had previously worked at several jobs, including working as a real estate agent, secretary, bus driver, rental agent, receptionist, and gas station attendant. Tr. 24. ALJ Kane analyzed Barben's claims of suffering from memory problems, depression, and back pain that prevented her from working. *Id.* However, ALJ Kane determined that these statements were only partially credible. *Id.*

The credibility of witnesses, including the claimant, is primarily determined by the ALJ and not the courts. *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citations omitted). An ALJ may properly accept or reject claims of severe, disabling pain after considering the claimant's subjective testimony, the objective medical evidence, and any other factors deemed relevant. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ must follow a two-step process in evaluating the claimant's statements regarding pain:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the individual's pain or other symptoms.

> Second, . . .the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.

Social Security Ruling 96–7p, 1996 WL 374186, at *2 (S.S.A.).

If objective evidence alone does not substantiate the "intensity, persistence, or limiting effects" of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) the type dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to alleviate the symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). An ALJ who rejects subjective testimony concerning pain and other symptoms "must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by substantial evidence." *Brandon v. Bowen*, 666 F. Supp. 604, 608 (2d Cir. 1987) (citing, *inter alia, Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). Failure to consider every factor is not grounds for remand if the ALJ gives reasons that are "sufficiently specific to conclude that he considered the entire evidentiary record." *Wischoff v. Astrue*, No. 08-CV-6367-T, 2010 WL 1543849, at *7 (W.D.N.Y. Apr. 16, 2010).

Here, the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but the claimant's statements concerning the "intensity, persistence and limiting effects" were not credible "to the extent they [were] inconsistent" with the RFC

determined by the ALJ. Tr. 18. In making this statement, ALJ Kane utilized boilerplate language that has been frequently criticized by reviewing courts. However, this is not a case where that boilerplate language stands alone as the only explanation for the ALJ's credibility determination. To the contrary, ALJ Kane followed up this boilerplate language with an analysis of Barben's alleged conditions, and compared and contrasted them with the medical evidence in the record. *See* Tr. 21-24.

ALJ Kane noted that while Barben alleged she suffered from memory problems, depression, and back pain that prevent her from working, other medical evidence suggests that her symptoms were not as severe. For example, a neuropsychological evaluation conducted by Peter Sorman, Ph.D. in April and May 2006 (which was requested by Barben's treating neurologist, Dr. Allen Pettee) found Barben's intelligence to be within the average range, her verbal and nonverbal processing of information and overall general memory to be within the average benchmark, and found her working memory to be at the 70th percentile. Tr. 354-68. This examination resulted in a diagnosis of major depressive disorder, and a history of attention deficit hyperactivity disorder and dyslexia, for which Dr. Sorman recommended medication and psychotherapy. Tr. 356-57.

Regarding Barben's back pain, Barben's primary care physician, Dr. Michael Obrecht, noted on November 10, 2005 that she suffered from hypothyroidism, obesity, neck pain, and depression. Tr. 393. Although Barben was referred to a mental health center to work on her depression, the other conditions were adequately treated with medications, including Tylenol for her neck pain. *Id.* Dr. Obrecht also noted that Barben had lost 30 pounds in the prior year, and that she had recently left her job – but not because of a medical reason. Instead, Barben left her job as a gas station attendant "after being accused of stealing cigarettes." Tr. 393. In a prior

treating note dated July 21, 2005, Dr. Obrecht had noted that Barben was concerned with her memory loss, but Dr. Obrecht characterized her memory as "in the range of normal." Tr. 392.

ALJ Kane also noted that while Barben had some restrictions in her daily living, during the relevant time period, she performed a wide range of daily activities, including gardening, weeding, mowing, house cleaning, running a small vegetable stand, cooking, caring for a dog, shopping, painting, and doing laundry. Tr. 20. Taken as a whole, I find that the ALJ's credibility determination is supported by substantial evidence in the record, and I find no reason to disturb his determination.

The ultimate conclusion of the ALJ at step 4 was that although Barben could not perform her past work, she could perform light work with some restrictions. As such, the ALJ proceeded to step 5, and determined that jobs existed in significant numbers in the national economy that Plaintiff could perform given her RFC. In doing so, the ALJ relied on the testimony of a vocational expert, and it is well settled that an ALJ may rely on properly supported testimony from a vocational expert as part of the step 5 analysis. *See, e.g., McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). In short, ALJ Kane crafted an RFC by considering the relevant medical evidence and Barben's own testimony. That RFC is supported by the requisite substantial evidence, and must therefore be affirmed.

For all of these reasons, ALJ Kane's determination is based upon application of the correct legal standards and is supported by substantial evidence in the administrative record. ALJ Kane's determination that Barben is not disabled within the meaning of the Act is therefore affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED, and this case is dismissed with prejudice. The Clerk of the Court is directed to enter judgment, and to close this case.

IT IS SO ORDERED.

DATED:   September 30, 2015
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court